**BROWN RUDNICK LLP**
Seven Times Square
New York, New York 10036
(212) 209-4800
David J. Molton
William R. Baldiga
Daniel J. Saval
May Orenstein
Tally M. Wiener

*Attorneys for the Petitioners*

## UNITED STATES BANKRUPTCY COURT
## SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| In re: | Chapter 15 |
| **FAIRFIELD SENTRY LIMITED,** | Case No. 10- |
| Debtor in a Foreign Proceeding. | |

## VERIFIED PETITION OF FOREIGN REPRESENTATIVES KENNETH KRYS AND CHRISTOPHER STRIDE IN SUPPORT OF APPLICATION OF FAIRFIELD SENTRY LIMITED FOR RECOGNITION OF FOREIGN MAIN PROCEEDING PURSUANT TO SECTION 1517 OF THE BANKRUPTCY CODE AND SEEKING RELATED RELIEF

Petitioners Kenneth Krys and Christopher Stride, in their joint capacities as foreign representatives of the liquidation of Fairfield Sentry Limited ("Sentry"), through their attorneys Brown Rudnick LLP, respectfully petition this Court for entry of an Order pursuant to section 1517 of Title 11 of the United States Code (as amended, the "Bankruptcy Code") recognizing as a foreign main proceeding the foreign liquidation proceeding pending before the Commercial Division of the High Court of Justice, British Virgin Islands (the "BVI Court"), as more fully described herein, thereby granting related relief pursuant to section 1520 of the Bankruptcy Code, and granting additional relief

pursuant to section 1521(a) of the Bankruptcy Code. If the Court concludes that the foreign proceeding is not eligible for recognition as a foreign main proceeding, Petitioners seek recognition of a foreign nonmain proceeding as defined in 11 U.S.C. § 1502(5) and seek relief under section 1521 of the Bankruptcy Code.

**PRELIMINARY STATEMENT**

1. Petitioners have commenced this case pursuant to 11 U.S.C. §§ 1504, 1509, and 1517 seeking recognition of a foreign liquidation proceeding that is currently pending before the BVI Court, and seeking relief as of right under section 1520 and further relief available under section 1521. On April 21, 2009, ten shareholders applied to the BVI Court seeking the appointment of a liquidator over Sentry. On July 21, 2009, Petitioners (the "Sentry Liquidators") were appointed by the BVI Court as the joint liquidators of Sentry's liquidation proceeding pending under Matter No. BVIHCV2009/136 (the "Sentry Proceeding").

2. The related foreign liquidation proceedings of two other BVI-based Fairfield entities, Fairfield Sigma Limited ("Sigma") and Fairfield Lambda Limited ("Lambda" and, together with Sentry and Sigma, the "Debtors") are also pending before the BVI Court, under Matter Nos. BVIHCV2009/139 and BVIHCV2009/74 respectively.[1]

3. As demonstrated by this Verified Petition, the Exhibits thereto, the accompanying Declarations of Kenneth Krys, Christopher Stride, and William Hare and

---

[1] On April 23, 2009, Mr. Stride was appointed by the BVI Court as Lambda's liquidator. On July 21, 2009, the same day that Petitioners were appointed by the BVI Court as the joint liquidators of Sentry's liquidation proceeding, Petitioners were also appointed by the BVI Court as the joint liquidators of Sigma's liquidation proceeding. By separate motion, Petitioners seek an Order allowing for the joint administration of the Chapter 15 cases of Sentry, Sigma and Lambda.

2

the Memorandum of Law in Support of Chapter 15 Petitions of Fairfield Sentry Limited, Fairfield Sigma Limited and Fairfield Lambda Limited for Recognition of Foreign Proceedings, Petitioners are individual persons who are the duly authorized foreign representatives of Sentry and, as such, are entitled to directly petition this court for recognition of the Sentry Proceeding under 11 U.S.C. § 1509. The Sentry Proceeding is a foreign proceeding under 11 U.S.C. § 101(23). The Sentry Proceeding is a foreign main proceeding as defined by 11 U.S.C. § 1502(4) because the Sentry Proceeding is pending in the British Virgin Islands (the "BVI"), which is the location of Sentry's registered office and its center of main interests. See 11 U.S.C. § 1516(c) and 1517(b)(1).

4. Because recognition of the Sentry Proceeding would not be contrary to public policy under 11 U.S.C. § 1506, because the Sentry Proceeding is a foreign main proceeding under 11 U.S.C. § 1502(4), because Petitioners are foreign representatives who are persons, and because Petitioners have complied with all requirements of 11 U.S.C. § 1515 and Rule 1007(a)(4) of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), Petitioners are entitled to seek entry of an Order, substantially in the form of the proposed order annexed hereto as Exhibit F, recognizing the Sentry Proceeding as a foreign main proceeding under 11 U.S.C. § 1517(b)(1).

5. The following documents are annexed hereto in support of this Verified Petition:

    a) Pursuant to 11 U.S.C. § 1515(b), a certified copy of the Order of the BVI Court commencing the Sentry Proceeding and appointing Petitioners as the Sentry Liquidators, is annexed hereto as Exhibit A.

3

b) A certified copy of the Order of the BVI Court dated May 7, 2010 and entered on May 11, 2010, authorizing Petitioners to seek recognition of the BVI Proceedings by this Court, is annexed hereto as Exhibit B.

c) Pursuant to 11 U.S.C. § 1515(c), a statement certifying, among other things, that no other foreign proceedings with respect to Sentry are known to the Sentry Liquidators, is annexed hereto as Exhibit C.

d) Pursuant to Bankruptcy Rule 1007(a)(4), a list of administrators, parties and entities is annexed hereto as Exhibit D.

e) Pursuant to Bankruptcy Rules 1007(a)(4) and 7007.1, a corporate ownership statement is annexed hereto as Exhibit E.

6. Additionally, a proposed Order Recognizing Foreign Main Proceedings and Granting Related Relief is annexed hereto as Exhibit F. Each of the documents set forth above, including the Declarations of Kenneth Krys, Christopher Stride and William Hare, is incorporated by reference as if fully set forth herein.[2]

---

[2] Capitalized terms have the meaning ascribed to them in the Memorandum of Law in Support of Chapter 15 Petitions of Fairfield Sentry Limited, Fairfield Sigma Limited and Fairfield Lambda Limited for Recognition of Foreign Proceedings, unless otherwise defined herein.

## JURISDICTION AND VENUE

7.  This Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334 and 11 U.S.C. § 1501. Venue with respect to this Verified Petition is proper pursuant to 28 U.S.C. § 1410(1) because Sentry's principal assets in the United States – its claims asserted under the Securities Investor Protection Act in the liquidation proceedings of Bernard L. Madoff Investment Securities LLC – are located in this district. Alternatively, venue is proper in this district pursuant to (i) 28 U.S.C. § 1410(2), because Sentry is a defendant in the BLMIS Adversary Proceeding (which proceeding is pending in this district)[3] and (ii) under 28 U.S.C. § 1410(3). This is a core proceeding under 28 U.S.C. § 157(b)(2)(P).

## I. FACTUAL BACKGROUND

8.  Sentry was organized in 1990 as an International Business Company under the laws of the BVI[4] for the purpose of operating as an investment fund. Its registered office is located at Romasco Place, Wickhams Cay 1, Road Town, Tortola, BVI.

9.  Sentry was a vehicle for non-U.S. persons and, also, for a limited number of tax exempt U.S. entities to invest with Bernard L. Madoff Investment Securities LLC ("BLMIS"). Sentry was the largest of all the feeder funds to BLMIS; its account statements with BLMIS as of the end of October 2008 showed in excess of $7 billion of assets supposedly held by BLMIS. According to Sentry's offering materials, BLMIS was to utilize a "nontraditional options trading strategy" which was described as "split strike

---

[3] Sentry is also a nominal defendant in a derivative action purportedly brought on Sentry's behalf, styled as Morning Mist Holdings Limited et al. v. Fairfield Greenwich Group, et al., 09-CV-5012, pending in Supreme Court for the State of New York, Commercial Division.

[4] As a result of new legislation adopted in the BVI in 2004, Sentry was subsequently re-registered as a Business Company under the BVI Business Companies Act 2004.

conversion." Consistently with this stated investment policy, substantially all of Sentry's assets (some 95%) were turned over to BLMIS for utilization in the described options trading program. Up to 5% of Sentry's assets were available for investment in non-Madoff directed activities.

10. In December 2008, it became publicly known that BLMIS has been operated for many years by Madoff as a massive Ponzi scheme. Although Madoff has purported to invest funds obtained from investors and feeder funds in securities, in reality, funds obtained from investors were not used to purchase securities or to engage in the described options trading strategy. Instead, new funds obtained from investors, including funds obtained from Sentry, were used by Madoff to fund withdrawals from accounts held by other investors with BLMIS, including Sentry, to pay fictitious profits to BLMIS account holders, or were misappropriated by Madoff for other purposes. As a result of Madoff's perpetration of this massive fraud, billions of dollars of investor funds invested with BLMIS, and supposedly maintained by its management, including the funds held on behalf of Sentry, had, by December 2008, been paid out by BLMIS as returns of principal or distributions of fictitious profits or were otherwise dissipated and misappropriated by Madoff and/or others acting in concert with him.

11. Until the disclosure of the Madoff fraud, investors in Sentry generally had the right to redeem shares at their net asset value ("NAV") as determined by Sentry in reliance upon account information obtained from BLMIS. Share redemptions were generally funded by Sentry from withdrawals made by Sentry's managers against Sentry's accounts held at BLMIS. On December 18, 2008, following the arrest of

Madoff and the commencement of the liquidation of BLMIS, Sentry's Board of Directors announced the suspension of NAV calculation and redemptions.

12. On April 21, 2009, ten shareholders domiciled in Europe, the Middle East, Latin America and North America applied to the BVI Court for the appointment of a liquidator over Sentry on the ground that it would be "just and equitable" for Sentry to be wound up. On July 21, 2009, the Petitioners were appointed as the Sentry Liquidators. On May 7, 2010, the Petitioners were authorized by the BVI Court to seek recognition of the Sentry Proceeding under Chapter 15 by this Court.

## II. SENTRY'S NEED FOR RECOGNITION.

13. The Petitioners face a number of challenges in the wake of the collapses of BLMIS and Sentry in connection with their efforts to distribute value to investors who were defrauded by Madoff and other stakeholders. These challenges are detailed in the Declaration of Kenneth Krys and include the resolution of the BLMIS Adversary Proceeding brought by Irving H. Picard, in his capacity as SIPA Trustee for the liquidation of BLMIS (the "Madoff Trustee"), seeking recovery of approximately $3.5 billion paid out by BLMIS to Sentry during the six year period preceding the filing of the BLMIS Adversary Proceeding, and the resolution of the $6,284,321,581 customer claim filed on Sentry's behalf in the SIPA proceeding, which the Madoff Trustee, in his adversary proceeding against Sentry, seeks to disallow.

14. The Petitioners anticipate that Chapter 15 recognition will enhance and facilitate the ability of the Sentry Liquidators to fulfill their duties to realize and distribute the assets of Sentry in accordance with the BVI insolvency law. Specifically, Chapter 15 recognition will advance the Sentry Liquidators' litigation efforts by, *inter alia*, (i)

facilitating the Sentry Liquidators' access to United States courts in connection with the pursuit of claims on behalf of Sentry, (ii) affording the Sentry Liquidators the right to seek discovery to identify parties that bear liability to Sentry and the claims against those parties; (iii) providing protection of the recoveries made by the Sentry Liquidators in the United States from piecemeal attack; and (iv) providing a means to ensure that such recoveries will be distributed through the BVI proceedings in accordance with the BVI insolvency law.

15. The Madoff Trustee has advised the Sentry Liquidators that he will not oppose or interfere with their efforts to obtain Chapter 15 recognition or the relief being requested. The Madoff Trustee's position is based on the understanding that Sentry will not seek a stay of the BLMIS Adversary Proceeding in its application for Chapter 15 recognition and that a Chapter 15 recognition Order will include a carve-out of the stay of the BLMIS Adversary Proceeding, which would otherwise automatically go into effect upon foreign main recognition of the Sentry Proceeding. The Sentry Liquidators and the Madoff Trustee have reserved all rights with respect seeking an application by Sentry for such relief in the future in the event that their ongoing, good faith negotiations do not resolve claims asserted in the BLMIS Adversary Proceeding.

## RELIEF REQUESTED

16. In furtherance of their duties as the Sentry Liquidators, Petitioners seek an Order of this Court substantially in the form of the proposed order annexed hereto as Exhibit F, granting the following relief necessary to best advance the Sentry liquidation:

(a) Recognition of Sentry's liquidation as a foreign main proceeding as defined in § 1502(4) of the Bankruptcy Code;

(b) Granting relief as of right upon recognition of a foreign main proceeding pursuant to § 1520 of the Bankruptcy Code if the Sentry Proceeding is recognized as a foreign main proceeding, provided, however, that the Debtors do not seek a stay of the BLMIS Adversary Proceeding (subject to the agreements, understandings and reservation of rights among the parties);

(c) Granting further additional relief as authorized by § 1521 of the Bankruptcy Code, including, without limitation:

(i) staying the commencement or continuation of any action or proceeding concerning the assets, rights, obligations or liabilities of Sentry located in the territorial jurisdiction of the United States, to the extent not stayed under § 1520(a) of the Bankruptcy Code, including, without limitation, staying the prosecution of the action styled <u>Morning Mist Holdings Limited et al. v. Fairfield Greenwich Group</u>, et al., 09-CV-5012, pending in Supreme Court for the State of New York, Commercial Division, by purported shareholders of Sentry, who are improperly prosecuting a putative derivative action on behalf of Sentry; staying execution against the assets of Sentry to the extent not stayed under § 1520(a);

(ii) staying execution against the assets of Sentry to the extent not stayed under § 1520(a);

(iii) authorizing Petitioners to seek leave to conduct discovery concerning Sentry's assets, affairs, rights, obligation or liabilities;

(iv) entrusting the administration and realization of all of Sentry's assets that are located within the territorial jurisdiction of the United States, including, without limitation, any and all claims and causes of action belonging to Sentry;

(v) otherwise giving full force and effect to the Sentry Proceeding; and

(vi) awarding Petitioners such other and further relief as this Court may deem just and proper.

In the event the Court determines that the Sentry Proceeding is not eligible to be recognized as a foreign main proceeding, Petitioners seek recognition of the Sentry liquidation as a foreign nonmain proceeding, as defined in 11 U.S.C. § 1502(5), and requests that the Court grant the relief authorized by § 1521 of the Bankruptcy Code and such other and further relief requested in the paragraph above.

## CONCLUSION

WHEREFORE, Petitioners respectfully request that this Court enter an Order, substantially in the form of the proposed Order Recognizing Foreign Main Proceedings and Granting Related Relief annexed hereto as Exhibit F, granting the relief requested herein and such other and further relief as may be just and proper.

Dated: June 14, 2010
New York, New York

BROWN RUDNICK LLP

By: _____
David J. Molton
William R. Baldiga
Daniel J. Saval
May Orenstein
Tally M. Wiener
Seven Times Square
New York, New York 10036
(212) 209-4800

**BROWN RUDNICK LLP**
Seven Times Square
New York, New York 10036
(212) 209-4800
David J. Molton
William R. Baldiga
Daniel J. Saval
May Orenstein
Tally M. Wiener

*Attorneys for the Petitioners*

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| In re: | Chapter 15 |
| FAIRFIELD SENTRY LIMITED, | Case No. 10- |
| Debtor in a Foreign Proceeding. | |

Kenneth Krys, pursuant to 28 U.S.C. § 1746, hereby declares under penalty of perjury as follows:

I am the founder and Chief Executive Officer of Krys & Associates (BVI) Ltd. I, along with Christopher Stride, have full authority to act as the foreign representative of the foreign proceeding pending before the Commercial Division of the High Court of Justice, British Virgin Islands in respect of the liquidation of Fairfield Sentry Limited, Matter No. BVIHCV2009/136.

I have the full authority to verify this Petition.

I have read the foregoing petition and I am informed and believe that the factual allegations contained therein are true and accurate.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed this 14th day of June 2010

/s/ Kenneth Krys
Kenneth Krys, Chief Executive Officer
Krys & Associates (BVI) Ltd.

Christopher Stride, pursuant to 28 U.S.C. § 1746, hereby declares under penalty of perjury as follows:

I am a Managing Director of Krys & Associates (BVI) Ltd. I, along with Kenneth Krys, have full authority to act as the foreign representative of the foreign proceeding pending before the Commercial Division of the High Court of Justice, British Virgin Islands in respect of the liquidation of Fairfield Sentry Limited, Matter No. BVIHCV2009/136.

I have the full authority to verify this Petition.

I have read the foregoing petition and I am informed and believe that the factual allegations contained therein are true and accurate.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed this 14th day of June 2010

/s/ Christopher Stride
Christopher Stride, Managing Director
Krys & Associates (BVI) Ltd.