**BROWN RUDNICK LLP**
Seven Times Square
New York, New York 10036
(212) 209-4800
David J. Molton
William R. Baldiga
Daniel J. Saval
May Orenstein
Tally M. Wiener

*Attorneys for the Petitioners*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re: | Chapter 15 |
| FAIRFIELD SENTRY LIMITED, | Case No. 10- |
| Debtor in a Foreign Proceeding. | |
| In re: | Chapter 15 |
| FAIRFIELD SIGMA LIMITED, | Case No. 10- |
| Debtor in a Foreign Proceeding. | |
| In re: | Chapter 15 |
| FAIRFIELD LAMBDA LIMITED, | Case No. 10- |
| Debtor in a Foreign Proceeding. | |

**APPLICATION OF FOREIGN REPRESENTATIVES KENNETH KRYS AND CHRISTOPHER STRIDE FOR ORDER (I) SCHEDULING HEARING ON CHAPTER 15 PETITIONS FOR RECOGNITION, (II) SPECIFYING DEADLINE FOR FILING OBJECTIONS, AND (III) SPECIFYING FORM AND MANNER OF SERVICE OF NOTICE**

Petitioners Kenneth Krys and Christopher Stride, in their capacities as the foreign representatives of the liquidations of Fairfield Sentry Limited ("Sentry") and Fairfield Sigma

Limited ("Sigma") pending before the Commercial Division of the High Court of Justice, British Virgin Islands (the "BVI Court") under, respectively, Matter Nos. BVIHCV2009/136 and BVIHCV2009/139, and Christopher Stride, in his capacity as the foreign representative of the liquidation of Fairfield Lambda Limited ("Lambda" and, together with Sentry and Sigma, the "Debtors") pending before the BVI Court under Matter No. BVIHCV2009/74, through their attorneys Brown Rudnick LLP, respectfully submit this Application (the "Application") for entry of an Order (i) scheduling a hearing (the "Recognition Hearing") for July 19, 2010, or as soon thereafter as the Court's calendar permits, for consideration of the Debtors' petitions for recognition and related relief under Chapter 15 of the Bankruptcy Code, (ii) setting 4:00 p.m. (Eastern Time) on July 9, 2010, as the date by which all responses and objections to the Chapter 15 Petitions must be filed (the "Objection Deadline"), and (iii) approving the form of notice of the Recognition Hearing substantially in the form attached hereto as Exhibit B (the "Notice") and the manner of service described herein. In support of this Application, the Petitioners respectfully represent:

## JURISDICTION

1. This Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334 and section 1501 of the Bankruptcy Code. This matter is a core proceeding within the meaning of 28 U.S.C. § 157(b)(2)(P).

2. Venue with respect to the Debtors' Chapter 15 cases is proper pursuant to 28 U.S.C. § 1410(1), because the Debtors' principal assets in the United States – their SIPA claims asserted against the estate of Bernard L. Madoff Investment Securities LLC ("BLMIS")[1] – are

---

[1] Capitalized terms not otherwise defined herein shall have the meaning given in the Memorandum of Law in Support of Chapter 15 Petitions of Fairfield Sentry Limited, Fairfield Sigma Limited and Fairfield Lambda Limited for Recognition of Foreign Proceedings (the "Memorandum of Law"), filed contemporaneously herewith.

located in this district. Alternatively, venue with respect to the Chapter 15 case brought by Sentry is proper in this district pursuant to 28 U.S.C. § 1410(2) because Sentry is a defendant in the BLMIS Adversary Proceeding[2] and, with respect to the Petitions of all the Debtors, venue is proper pursuant to 28 U.S.C. § 1410(3).

## PRELIMINARY STATEMENT

3. The Petitioners are the duly authorized foreign representatives of the Debtors' liquidation proceedings (the "BVI Proceedings") pending before the BVI Court under Part VI, titled "Liquidation", of the Insolvency Act, 2003 of the BVI (the "BVI Act"). The Petitioners have filed voluntary petitions under Chapter 15 on behalf of each Debtor, accompanied by all certifications, statements, lists and documents (collectively, the "Chapter 15 Petitions")[3] in support of the petitions and required pursuant to section 1515 of the Bankruptcy Code and Rule 1007(a)(4) of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"). With respect to each of the Debtors, the Chapter 15 Petitions seek recognition of the BVI Proceedings as foreign main proceedings under and related relief under sections 1520 and 1521 of the Bankruptcy Code.

4. This Application is made pursuant to sections 105 and 1515 of the Bankruptcy

---

[2] Sentry is also a nominal defendant in the Morning Mist derivative action purportedly brought on Sentry's behalf.

[3] For avoidance of doubt, the Chapter 15 Petitions consist of the following documents: (i) the Official Form Chapter 15 Petitions; (ii) the Verified Petitions; (iii) the Memorandum of Law; (iv) the List submitted pursuant to Bankruptcy Rule 1007(a)(4); (v) the Statement of Foreign Representative required pursuant to 11 U.S.C. § 1515; (vi) the Corporate Ownership Statement required pursuant to Bankruptcy Rules 1007(a)(4) and 7007.1; (vii) the Declarations of Kenneth Krys, Christopher Stride and William Hare; and (viii) the Notice of Filing and Hearing on Petition under Chapter 15 of the United States Bankruptcy Code, attached hereto as Exhibit B. Given their size, the Petitioners propose that exhibits to, the foregoing documents, other than the Verified Petition Of Foreign Representatives Kenneth Krys And Christopher Stride In Support Of Application Of Fairfield Sentry Limited For Recognition Of Foreign Main Proceeding Pursuant To Section 1517 Of The Bankruptcy Code And Seeking Related Relief, be in electronic portable document format (PDF) and included on a readable computer disk or other electronic document storage device to be served along with the Chapter 15 Petitions.

Code, and Bankruptcy Rules 1007, 2002(q), 9007 and 9008 for the entry of an order (the "Proposed Order") substantially in the form attached hereto as Exhibit A (i) scheduling the Recognition Hearing for July 19, 2010, or as soon as the Court's calendar permits (ii) setting 4:00 p.m. (Eastern Time) on July 9, 2010 as the Objection Deadline, and (iii) approving the form of Notice and the manner of service thereof, including by way of publication.

## BACKGROUND

5. As further explained in the Declarations of Kenneth Krys, Christopher Stride and William Hare, filed contemporaneously herewith, the Debtors were organized under the laws of the British Virgin Islands for the purpose of operating as investment funds with the objective of achieving capital appreciation of assets primarily through investment with BLMIS.

6. Following the disclosure in December 2008 that BLMIS had been operated for many years by Bernard L. Madoff as a massive Ponzi scheme, a creditor of Lambda and certain shareholders of Sentry and Sigma petitioned the BVI Court seeking appointment of liquidators. By orders of the BVI Court, Mr. Stride was appointed as the liquidator of Lambda on April 23, 2009, and Messrs. Krys and Stride were jointly appointed as the liquidators of Sentry and Sigma on July 21, 2009. Besides the Petitioners, who report to and are supervised by the BVI Court, the Debtors have no foreign administrators and there are no other insolvency proceedings regarding any of the Debtors anywhere in the world.

7. The Petitioners are seeking recognition of the BVI Proceedings as foreign main proceedings in aid of their efforts to realize and collect, primarily through litigation, the assets of the Debtors located within the United States. By virtue of an Order of the BVI Court dated May 7, 2010, the Petitioners were expressly authorized by the BVI Court to seek recognition of the BVI Proceedings as foreign main proceedings by this Court.

8. No interim or provisional relief pursuant to section 1519 of the Bankruptcy Code is being sought against any entity by the Chapter 15 Petitions. By separate motion, the Petitioners are seeking an order from this Court directing joint administration of the Debtors' Chapter 15 cases pursuant to sections 1519 and 1521 of the Bankruptcy Code.

## RELIEF REQUESTED

9. By this Application, and pursuant to Bankruptcy Rules 9007 and 9008, the Petitioners seek entry of the Proposed Order attached hereto as Exhibit A, (i) scheduling the Recognition Hearing for July 19, 2010, or as soon as the Court's calendar permits; (ii) setting 4:00 p.m. (Eastern Time) on July 9, 2010 as the Objection Deadline, and (iii) approving the form of Notice and the manner of service thereof, including by way of publication.

10. Pursuant to Bankruptcy Rule 2002(q), upon entry of the Proposed Order, the Petitioners propose to serve copies of the Notice and Chapter 15 Petitions by United States mail, on or before June 16, 2010, upon all bodies authorized to administer foreign proceedings of the Debtors, all parties to litigation pending in the United States to which the Debtors are a party (or, in lieu of serving the Notice and Chapter 15 Petitions on such parties, serving such papers on their counsel), the United States Trustee and other such entities as this Court may direct. Additionally, the Petitioners will publish the Notice and the Chapter 15 Petitions on each of the Debtors' public websites[4] on or before June 16, 2010, for review by all of the Debtors' stakeholders, and will alert all of the Debtors' registered shareholders by way of e-mail to advise them that these documents are available for review on the Debtors' public websites and the Court's Electronic Case Filing System. The Petitioners believe providing notice of the Chapter 15 Petitions and the Hearing in this manner is effective for and expected by those parties, and is

---

[4] The addresses of the public websites are: http://www.fairfieldsentry.com/, http://www.fairfieldsigma.com/, and http://www.fairfieldlambda.com/.

consistent with the manner in which the Petitioners have provided notice to stakeholders with respect to matters in the BVI Proceedings.[5] Accordingly, the Petitioners request that this Court approve the foregoing manner of service of the Notice and Chapter 15 Petitions pursuant to Bankruptcy Rules 2002(q), 9007 and 9008.

11. Bankruptcy Rule 1011(b) provides that a party objecting to a petition filed to commence an ancillary proceeding under Chapter 15 of the Bankruptcy Code has 21 days from the date of service of the petition to respond thereto, except that if service is made by publication on a party not residing within the state in which the court sits, the court shall prescribe the time for filing and serving the response. Fed. R. Bankr. P. 1011(b). Bankruptcy Rule 2002(q)(1) provides that parties are to be given 21 days' notice of a hearing to consider granting the relief requested in a Chapter 15 petition. Fed. R. Bankr. P. 2002(q)(1). Accordingly, the Petitioners submit that (i) scheduling the Recognition Hearing to be held on July 19, 2010, or as soon thereafter as the Court's calendar permits, and (ii) setting 4:00 p.m. (Eastern Time) on July 9, 2010, as the Objection Deadline is appropriate. In the event that any objections to the Petitions are filed by the Objection Date, the Petitioners further request that they have the right to file a reply to such objections by 4:00 p.m. (Eastern Time) on the business day prior to the Recognition Hearing. Additionally, if no objections to this Petition are filed by the Objection Date, Petitioners request that the Court enter the proposed Order Recognizing Foreign Main Proceedings and Granting Related Relief without a hearing as authorized by Local Bankruptcy Rule 2002-1.

12. The Petitioners request that the Court also require that objections or answers, if

---

[5] In addition to the Debtors' public websites, the Petitioners have established secured websites on which information and communications regarding the Debtors is posted for review by all of the Debtors' registered shareholders. Details and credentials for the official websites were provided to the registered

any, in response to the Notice and Chapter 15 Petitions must be made in writing and set forth the basis of such response or objection and shall be filed with the Court electronically in accordance with General Order M-182 by registered users of the Court's electronic case filing system, and by all other parties in interest, on a 3.5 in disc, preferably in Portable Document Format (PDF), Microsoft Word or any other Windows-based word processing format, with a hard copy provided to the Chambers of the Honorable _____, United States Bankruptcy Judge, and served upon Brown Rudnick LLP, Seven Times Square, New York, NY 10036 (Attention: David J. Molton, Esq.), Attorneys for the Petitioners, so as to be received on or before 4:00 p.m. on July 9, 2010.

13.  The Petitioners further request that the Court waive the requirements set forth in section 1514(c) of the Bankruptcy Code, which provides that when notification of the commencement of a case is to be given to foreign creditors, such notification shall, inter alia, indicate the time period for filing proofs of claim, specify the place for filing such proofs of claim and indicate whether secured creditors need to file proofs of claim. See 11 U.S.C. § 1514(c). It is not clear, however, that section 1514 applies in the context of ancillary cases under Chapter 15. As explained in a leading treatise on bankruptcy law, section 1514 is the "last in a series of sections dealing with the international aspects of cases under chapters *other than chapter 15* that began with section 1511." 8 Collier on Bankruptcy ¶ 1514.01 (Alan N. Resnick & Henry J. Sommer eds., 15th ed. rev. 2008) (emphasis added). However, in an abundance of caution the Petitioners respectfully request that such requirements be waived in this instance.

---

shareholders and the Petitioners use these websites as the primary method of communicating with those parties.

## NO PRIOR REQUEST

14. No previous request for the relief requested herein has been made to this or any other Court.

## CONCLUSION

WHEREFORE, the Petitioners request the Court to grant the relief set forth above, issue an Order substantially in the form attached hereto as <u>Exhibit A</u> and grant any other appropriate relief.

Dated: June 14, 2010
       New York, New York

BROWN RUDNICK LLP

By: _____
David J. Molton
William R. Baldiga
Daniel J. Saval
May Orenstein
Tally M. Wiener
Seven Times Square
New York, New York 10036
(212) 209-4822

*Attorneys for the Petitioners*

# EXHIBIT A

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

| | | |
|---|---|---|
| **In re:** | : | Chapter 15 |
| FAIRFIELD SENTRY LIMITED, | : | Case No. 10- |
| Debtor in a Foreign Proceeding. | : | |
| **In re:** | : | Chapter 15 |
| FAIRFIELD SIGMA LIMITED, | : | Case No. 10- |
| Debtor in a Foreign Proceeding. | : | |
| **In re:** | : | Chapter 15 |
| FAIRFIELD LAMBDA LIMITED, | : | Case No. 10- |
| Debtor in a Foreign Proceeding. | : | |

**ORDER (I) SCHEDULING HEARING ON CHAPTER 15 PETITIONS FOR RECOGNITION, (II) SPECIFYING DEADLINE FOR FILING OBJECTIONS, AND (III) SPECIFYING FORM AND MANNER OF SERVICE OF NOTICE**

Upon the application (the "Application") of Kenneth Krys and Christopher Stride, in their capacities as the foreign representatives of the liquidations of Fairfield Sentry Limited ("Sentry") and Fairfield Sigma Limited ("Sigma") pending before the Commercial Division of the High Court of Justice, British Virgin Islands (the "BVI Court") under, respectively, Matter Nos. BVIHCV2009/136 and BVIHCV2009/139, and Christopher Stride, in his capacity as the foreign representative of the liquidation of Fairfield Lambda Limited ("Lambda" and, together with Sentry and Sigma, the "Debtors") pending before the BVI Court under Matter No.

BVIHCV2009/74 for an Order pursuant to Rules 1011(b), 2002(q), 9007 and 9008 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules") (i) scheduling a hearing for consideration of the Debtors' Chapter 15 Petitions (as defined below) requesting recognition and related relief under Chapter 15 of the Bankruptcy Code, (ii) specifying the deadline for filing responses and objections to the Chapter 15 Petitions, and (iii) approving the form and manner of serving the notice (the "Notice") of the filing of the Chapter 15 Petitions and hearing thereon; it is hereby:

**ORDERED**, that a hearing (the "Hearing") to consider the relief requested in the Chapter 15 Petitions shall be held before this Court in Room ___ of the United States Bankruptcy Court for the Southern District of New York, One Bowling Green, New York, New York, on July 19, 2010 at ____ __.m.; and it is further

**ORDERED**, that the form of Notice of the filing of the Chapter 15 Petitions and Hearing attached to the Application as Exhibit B is hereby approved; and it is further

**ORDERED**, that the notice requirements set forth in section 1514(c) of the Bankruptcy Code are inapplicable in the context of these Chapter 15 cases or are hereby waived; and it is further

**ORDERED**, that copies of this Notice, along with (i) the Official Form Chapter 15 Petitions; (ii) the Verified Petitions, (iii) the Memorandum of Law in Support of the Petitions, (iv) the List submitted pursuant to Bankruptcy Rule 1007(a)(4), (v) the Statement of Foreign Representative required pursuant to 11 U.S.C. § 1515, (vi) the Corporate Ownership Statement required pursuant to Bankruptcy Rules 1007(a)(4) and 7007.1 and (vii) the Declarations of Kenneth Krys, Christopher Stride and William Hare (documents (i) through (vii) together, the

"Chapter 15 Petitions") shall be served by United States mail, on or before June 16, 2010, upon the United States Trustee, all bodies authorized to administer the foreign proceedings of the Debtors, all parties to litigation pending in the United States to which the Debtors are a party and other parties-in-interest against whom provisional relief is sought (or their counsel) at their last known addresses in accordance with Rules 2002(q) and 7004(a) and (b) of the Federal Rules of Bankruptcy Procedure; and it is further

**ORDERED**, that the Petitioners will publish the Notice and the Chapter 15 Petitions on each of the Debtors' public websites, accessible at http://www.fairfieldsentry.com, http://www.fairfieldsigma.com and http://www.fairfieldlambda.com, on or before June 16, 2010, and will further cause emails to be sent to the Debtors' registered shareholders alerting them that the Chapter 15 Petitions are available on such websites; and it is further

**ORDERED**, that if any party files a notice of appearance in this case, the Petitioners shall serve copies of the Chapter 15 Petitions and this Notice upon such party within ten (10) business days of the filing of such notice of appearance if such documents have not already been served on such party (or its counsel); and it is further

**ORDERED**, that responses or objection, if any, in response to the Chapter 15 Petitions shall be made in writing and setting forth the basis therefore, and such response or objection must be filed electronically with (i) the Court by registered users of the Court's electronic case filing system in accordance with General Order M-242, (a copy of which may be viewed on the Court's website at www.nysb.uscourts.gov) and by all other parties-in-interest, on a 3.5 inch disc, preferably in Portable Document Format (PDF), Microsoft Word or any other Windows-based word processing format, with hard copy to the Chambers of the Honorable _____,

United States Bankruptcy Judge and served upon Brown Rudnick LLP, Seven Times Square, New York, New York 10036 (Attention: David J. Molton), attorneys for the Petitioners, so as to be received on or before July 9, 2010, at 4:00 p.m. Eastern Time; and it is further

**ORDERED**, that in the event that any responses or objections to the Petitions are filed on or before July 9, 2010, at 4:00 p.m., the Petitioners may file a reply to such responses or objections by 4:00 p.m. (Eastern Time) on July 16, 2010; and it is further

**ORDERED**, that service pursuant to this Order shall be good and sufficient service and adequate notice of the Hearing to consider the Chapter 15 Petitions and the Petitioners' request for an Order granting recognition of the Debtors' foreign proceedings as "foreign main proceedings" and request for related relief pursuant to section 1520 and 1521 of the Bankruptcy Code.

Dated: June __, 2010
New York, New York

_____
UNITED STATES BANKRUPTCY JUDGE

**EXHIBIT B**

**BROWN RUDNICK LLP**
Seven Times Square
New York, New York 10036
(212) 209-4800
David J. Molton
William R. Baldiga
Daniel J. Saval
May Orenstein
Tally M. Wiener

*Attorneys for the Petitioners*

## UNITED STATES BANKRUPTCY COURT
## SOUTHERN DISTRICT OF NEW YORK

| | | |
|---|---|---|
| **In re:** | : | **Chapter 15** |
| | : | |
| **FAIRFIELD SENTRY LIMITED,** | : | **Case No. 10-** |
| | : | |
| Debtor in a Foreign Proceeding. | : | |
| | : | |
| **In re:** | : | **Chapter 15** |
| | : | |
| **FAIRFIELD SIGMA LIMITED,** | : | **Case No. 10-** |
| | : | |
| Debtor in a Foreign Proceeding. | : | |
| | : | |
| **In re:** | : | **Chapter 15** |
| | : | |
| **FAIRFIELD LAMBDA LIMITED,** | : | **Case No. 10-** |
| | : | |
| Debtor in a Foreign Proceeding. | : | |

### NOTICE OF FILING AND HEARING ON PETITION PURSUANT TO 11 U.S.C. § 1515 SEEKING RECOGNITION OF FOREIGN MAIN PROCEEDING AND GRANTING RELATED RELIEF

PLEASE TAKE NOTICE, that Kenneth Krys and Christopher Stride (the "Petitioners"), as the duly appointed liquidators in the above captioned Debtors' insolvency proceedings (the "Foreign Proceedings") currently pending before the Commercial Division of the High Court of Justice, British Virgin Islands, filed petitions in respect of each debtor under

Chapter 15 of Title 11 ("Chapter 15") of the United States Code (as amended, the "Bankruptcy Code") on June 14, 2010, in the United States Bankruptcy Court for the Southern District of New York, requesting that the Foreign Proceedings be recognized as foreign main proceedings, as defined in 11 U.S.C. § 1502(4), and granting other related relief available under Chapter 15.

**PLEASE TAKE FURTHER NOTICE**, that copies of the Official Form Chapter 15 Petitions are attached hereto, along with: (i) the Verified Petitions; (ii) the List submitted pursuant to Bankruptcy Rule 1007(a)(4); (iii) the Memorandum of Law in Support of Recognition; (iv) the Statement of Foreign Representative required pursuant to 11 U.S.C. § 1515; (v) the Corporate Ownership Statement required pursuant to Bankruptcy Rules 1007(a)(4) and 7007.1 and (vi) the Declarations of Kenneth Krys, Christopher Stride and William Hare, which were filed in support of the Chapter 15 Petitions (documents (i) through (vi), together, the "Chapter 15 Petitions"). Copies of the Chapter 15 Petitions have also been published to the Debtors' public websites, and are available for review without charge by visiting http://www.fairfieldsentry.com, http://www.fairfieldsigma.com, or http://www.fairfieldlambda.com. The Chapter 15 Petitions are also available for review on the Bankruptcy Court's Electronic Case Filing System, which can be accessed from the Bankruptcy Court's website at http://www.nysb.uscourts.gov (a PACER login and password are required to retrieve a document).

**PLEASE TAKE FURTHER NOTICE**, that the Court has scheduled a Hearing on the request for recognition of the Foreign Proceedings as foreign main proceedings and for related relief sought by the Chapter 15 Petitions, to be held July 19, 2010 before the Honorable _____, United States Bankruptcy Judge for the Southern District of New York at the United States Bankruptcy Court, One Bowling Green, New York, New York 10004.

**PLEASE TAKE FURTHER NOTICE**, that responses or objections, if any, to the petitions and the relief requested therein must comply with the Federal Rules of Bankruptcy Procedure of the United States, as adopted in the Bankruptcy Court for the Southern District of New York pursuant to General Order M-308, must be set forth in a writing describing the basis therefor and received in the Chambers of the Honorable _____, United States Bankruptcy Judge, United States Bankruptcy Court, One Bowling Green, Room ___, New York, New York 10004; must be filed with the Clerk of the Court in accordance with the Standing General Order of the Bankruptcy Court for the Southern District of New York entered on June 26, 1997, establishing procedures for electronic filing; and must be served upon the undersigned so as to be received by 4:00 p.m. on July 9, 2010.

**PLEASE TAKE FURTHER NOTICE**, that the Hearing may be adjourned from time to time without further notice other than an announcement in open court at the Hearing.

**PLEASE TAKE FURTHER NOTICE**, that until further court order all communications between the Court and the Petitioners, other than as to scheduling or administrative purposes, will be done in accordance with the Federal Rules of Bankruptcy Procedure adopted by this Court by administrative order, this Court's Local Rules and administrative orders, and all other applicable laws of the United States governing communications between litigants and the Court. The Petitioners may appear and be heard by this Court in person at the Hearing or at future hearings scheduled on notice.

**PLEASE TAKE FURTHER NOTICE**, that if no response or objection is timely filed and served as provided above, the Court may grant the recognition and relief requested by the Petitions without further notice or a hearing.

Dated: June __, 2010
New York, New York

BROWN RUDNICK LLP

By: _____
David J. Molton
William R. Baldiga
Daniel J. Saval
May Orenstein
Tally M. Wiener
Seven Times Square
New York, New York 10036
(212) 209-4800

*Attorneys for the Petitioners*