**BROWN RUDNICK LLP**
Seven Times Square
New York, New York 10036
(212) 209-4800
David J. Molton
William R. Baldiga
Daniel J. Saval
May Orenstein
Tally M. Wiener

*Attorneys for the Petitioners*

## UNITED STATES BANKRUPTCY COURT
## SOUTHERN DISTRICT OF NEW YORK

| | | |
|---|---|---|
| **In re:** : | **Chapter 15** | |
| : | | |
| **FAIRFIELD SENTRY LIMITED,** : | **Case No. 10-** | |
| : | | |
| Debtor in a Foreign Proceeding. : | | |
| : | | |
| **In re:** : | **Chapter 15** | |
| : | | |
| **FAIRFIELD SIGMA LIMITED,** : | **Case No. 10-** | |
| : | | |
| Debtor in a Foreign Proceeding. : | | |
| : | | |
| **In re:** : | **Chapter 15** | |
| : | | |
| **FAIRFIELD LAMBDA LIMITED,** : | **Case No. 10-** | |
| : | | |
| Debtor in a Foreign Proceeding. : | | |
| : | | |

## MOTION OF FOREIGN REPRESENTATIVES
## KENNETH KRYS AND CHRISTOPHER STRIDE
## TO AUTHORIZE JOINT ADMINISTRATION
## OF CASES PURSUANT TO 11 U.S.C. §§ 1519 AND 1521

Petitioners Kenneth Krys and Christopher Stride, in their capacities as the foreign

representatives of the liquidations of Fairfield Sentry Limited ("Sentry") and Fairfield Sigma

Limited ("Sigma") pending before the Commercial Division of the High Court of Justice, British Virgin Islands (the "BVI Court"), and Christopher Stride, in his capacity as the foreign representative of the liquidation of Fairfield Lambda Limited ("Lambda" and, together with Sentry and Sigma, the "Debtors") pending before the BVI Court, through their attorneys Brown Rudnick LLP, respectfully submit this motion (the "Motion") for entry of an order (the "Proposed Order"), substantially in the form attached hereto as Exhibit A, authorizing the joint administration of the above-captioned Chapter 15 cases pursuant to sections 1519 and 1521 of title 11 of the United States Code (as amended, the "Bankruptcy Code"). In support of the Motion, the Petitioners respectfully represent as follows:

## JURISDICTION

1. This Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334 and section 1501 of the Bankruptcy Code. This matter is a core proceeding within the meaning of 28 U.S.C. § 157(b)(2)(P).

2. Venue with respect to the Debtors' Chapter 15 cases is proper pursuant to 28 U.S.C. § 1410(1), because the Debtors' principal assets in the United States – their SIPA claims asserted against BLMIS – are located in this district. Alternatively, venue with respect to the Chapter 15 case brought by Sentry is proper in this district pursuant to 28 U.S.C. § 1410(2) because Sentry is a defendant in the BLMIS[1] Adversary Proceeding and, with respect to the petitions of all the Debtors, venue is proper pursuant to 28 U.S.C. § 1410(3).

## BACKGROUND

3. On or about June 14, 2010, Kenneth Krys and Christopher Stride, in their

---

[1] Capitalized terms not otherwise defined herein shall have the meaning given in the Memorandum of Law in Support of Chapter 15 Petitions of Fairfield Sentry Limited, Fairfield Sigma Limited and Fairfield Lambda Limited for Recognition of Foreign Proceedings, filed contemporaneously herewith.

capacities as the foreign representatives of the liquidations of Sentry and Sigma (respectively, the "Sentry Proceeding" and the "Sigma Proceeding"), and Christopher Stride, in his capacity as the foreign representative of the liquidation of Lambda (the "Lambda Proceeding" and, together with the Sentry Proceeding and the Sigma Proceeding, the "BVI Proceedings"), petitioned this Court for entry of an Order pursuant to section 1517 of the Bankruptcy Code recognizing the BVI Proceedings as foreign main proceedings.

4.     Additional background concerning the Debtors' Chapter 15 cases is set forth in the Declarations of Kenneth Krys, Christopher Stride and William Hare filed contemporaneously herewith.

## RELIEF REQUESTED

5.     By this Motion, the Petitioners seek entry of an order from this Court, substantially in the form of the Proposed Order attached hereto as Exhibit A, directing the joint administration of the Debtors' Chapter 15 cases for procedural purposes only.

6.     The Petitioners request that this Court establish the following official caption to be used by all parties in all pleadings in the Debtors' jointly administered Chapter 15 cases:

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| **In re:**                                 ) | |
|                                     ) | **Chapter 15 Case** |
| **Fairfield Sentry Limited, et al.,**      ) | |
|                                     ) | **Case No. 10 -** |
|      **Debtors in Foreign Proceedings.**        ) | **Jointly Administered** |
|                                     ) | |

7.     The Petitioners also seek the Court's direction that a notation substantially similar to the following notation be entered on the docket in each of the Chapter 15 cases to reflect the

joint administration of these cases.

> An Order has been entered in this case directing the procedural consolidation and joint administration of the Chapter 15 cases of Fairfield Sentry Limited, Fairfield Sigma Limited, and Fairfield Lambda Limited; the docket in Case No. _____ should be consulted for all matters affecting these cases.

## JOINT ADMINISTRATION IS WARRANTED

8.      Section 1519 of the Bankruptcy Code permits this Court upon the filing of a petition under Chapter 15 to grant relief, including appropriate relief under section 1521(a)(7) of the Bankruptcy Code, where "needed to protect the assets of the debtor or interests of creditors." 11 U.S.C. § 1519.  Section 1521(a)(7) of the Bankruptcy Code permits this Court, upon request of a foreign representative, to grant any "additional relief that may be available to a trustee," which includes joint administration.  11 U.S.C. § 1521.  The Petitioners respectfully submit that joint administration of these Chapter 15 cases will help ensure that the Debtors' assets and the interests of the Debtors' creditors will be sufficiently protected.

9.      If joint administration is ordered, the Petitioners will be able to preserve assets of the Debtors' estates and avoid considerable and unnecessary expense and loss of time by obviating the necessity for filing duplicate motions, requesting duplicate orders and forwarding duplicate notices that affect one or all of the Debtors and related parties in interest.

10.     Additionally, joint administration will avoid duplicative and potentially confusing filings by permitting counsel for all parties in interest to (i) use a single caption on the numerous documents that will be filed and served in the Debtors' Chapter 15 cases, and (ii) file documents in one of the Debtors' Chapter 15 cases rather than in multiple cases.

11.     Moreover, joint administration will protect parties in interest by ensuring that parties affected by each of the Debtors' respective Chapter 15 cases will be apprised of the

4

various matters that will be heard by this Court in those cases.

12.     In addition to saving the Debtors considerable time and expense, joint administration of these cases will also preserve the Court's resources by avoiding duplicative notices, applications and orders. Among other things, joint administration of the Debtors' Chapter 15 cases will permit the Clerk of the Court to use a single, general docket for the Debtors' cases and to combine notices to creditors and other parties in interest. Additionally, the Court will also be relieved of the burden of entering duplicative orders and maintaining duplicative files.

13.     Furthermore, the rights of the Debtors' respective creditors, stakeholders and any other parties in interest will not be adversely affected by joint administration of these Chapter 15 cases because the relief requested in this Motion is purely administrative and in no way affects any party's substantive rights. All parties in interest will retain whatever claims, interests, or other rights they have in or against a particular Debtor and that Debtor's estate. Indeed, joint administration will ensure that all creditors may look to one bankruptcy case docket to file their motions or otherwise seek redress against the Debtors.

## NOTICE

14.     In light of the administrative nature of the relief requested, the Petitioners submit, and request that this Court hold, that no further or additional notice of this Motion is required to any parties. In accordance with Rule 2002(q) of the Federal Rules of Bankruptcy Procedure, the Petitioners will serve a copy of the signed Order approving this Motion on (i) the Office of the United States Trustee; (ii) all persons authorized to administer the BVI Proceedings of the Debtors; and (iii) all parties to litigation pending in the United States in which a Debtor is a party at the time the Debtors filed their petitions. Accordingly, the Petitioners request that the Court

5

grant this Motion without requiring further and additional notice.

15.     This Motion does not raise any novel issues of law and, accordingly, the Petitioners respectfully request that the requirement for a submission of a memorandum of law be waived.

16.     No prior request for the order sought herein has been made to this or any other Court.

WHEREFORE, the Petitioners respectfully request that this Court enter an Order, substantially in the form attached hereto as Exhibit A, authorizing and directing the joint administration of the Debtors' Chapter 15 cases and granting such other and further relief as is just and proper.

Dated:  June 14, 2010
        New York, New York

BROWN RUDNICK LLP

By: _____
    David J. Molton
    William R. Baldiga
    Daniel J. Saval
    May Orenstein
    Tally M. Wiener
    Seven Times Square
    New York, New York 10036
    (212) 209-4822

    *Attorneys for the Petitioners*

**EXHIBIT A**

|   |   |   |
|---|---|---|
| In re: | : | **Chapter 15** |
|  | : |  |
| **FAIRFIELD SENTRY LIMITED,** | : | **Case No. 10-** |
|  | : |  |
| Debtor in a Foreign Proceeding. | : |  |
|  | : |  |
| In re: | : | **Chapter 15** |
|  | : |  |
| **FAIRFIELD SIGMA LIMITED,** | : | **Case No. 10-** |
|  | : |  |
| Debtor in a Foreign Proceeding. | : |  |
|  | : |  |
| In re: | : | **Chapter 15** |
|  | : |  |
| **FAIRFIELD LAMBDA LIMITED,** | : | **Case No. 10-** |
|  | : |  |
| Debtor in a Foreign Proceeding. | : |  |
|  | : |  |

## ORDER AUTHORIZING JOINT ADMINISTRATION OF CASES PURSUANT TO 11 U.S.C. § 1521

Upon the motion (the "Motion") of Kenneth Krys and Christopher Stride, in their capacities as the foreign representatives of Fairfield Sentry Limited ("Sentry") and Fairfield Sigma Limited ("Sigma") pending before the Commercial Division of the High Court of Justice, British Virgin Islands (the "BVI Court"), and Christopher Stride, in his capacity as the foreign representative of the liquidation of Fairfield Lambda Limited ("Lambda" and, together with Sentry and Sigma, the "Debtors") pending before the BVI Court, for the entry of an Order authorizing the joint administration of the above-captioned Chapter 15 cases (collectively, the "Chapter 15 Cases") pursuant to 11 U.S.C. § 1521, and for procedural purposes only; and upon consideration of the Motion and the arguments contained therein; and the Court having found

1

that no other or further notice need be given; and sufficient cause appearing therefore, it is hereby

ORDERED, that the Chapter 15 Cases shall be jointly administered, for procedural purposes only, in accordance with the terms of this Order; and it is further

ORDERED, that nothing contained in this Order shall be deemed or construed as directing or otherwise effecting the substantive consolidation of any of above-captioned Chapter 15 cases; and it is further

ORDERED, that the joint caption of the cases shall read as it appears immediately below:

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| In re: | ) | **Chapter 15 Case** |
|--------|---|---------------------|
| | ) | |
| **Fairfield Sentry Limited, et al.,** | ) | **Case No. 10-_____** |
| | ) | **Jointly Administered** |
| **Debtors in Foreign Proceedings.** | ) | |
| | ) | |
| | ) | |

ORDERED, that a docket entry shall be made in each of the above-captioned Chapter 15 cases substantially as follows:

> An Order has been entered in this case directing the procedural consolidation and joint administration of the Chapter 15 cases of Fairfield Sentry Limited, Fairfield Sigma Limited, and Fairfield Lambda Limited; the docket Case No. _____ should be consulted for all matters affecting these cases.

And it is further

ORDERED, that service of this Order as provided in the Motion shall be deemed good and sufficient notice.

Dated: June __, 2010
       New York, New York

_____
UNITED STATES BANKRUPTCY JUDGE